# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**RANDALL J. WOODS and**                                                                             **PLAINTIFFS**
**TRACY WOODS**

**V.**                                                            **CIVIL ACTION NO.: 4:07CV94-SA-DAS**

**CARROLL COUNTY, MISSISSIPPI, et. al**                            **DEFENDANTS**

## OPINION ON DEFENDANTS'
## MOTION TO DISMISS THE AMENDED COMPLAINT

Presently before the Court are Defendants' Motion to Dismiss the Original Complaint [5] and also Defendants' Motion to Dismiss the Amended Complaint or Portions Thereof and for Qualified Immunity as to Defendant Michael Spellman, in his Individual Capacity [14]. The Amended Complaint has superceded the Original Complaint, and therefore, Defendants' Motion to Dismiss the Original Complaint is now moot. As to the Motion to Dismiss addressing the Amended Complaint, the Court finds the Motion only partially well taken; the Court shall grant it in part and deny it in part. This Court will defer judgment on whether Michael Spellman, in his individual capacity, is entitled to qualified immunity pending a Rule 7(a) reply from the Plaintiffs.

*Facts and Procedural History*

Plaintiff Randall Woods was at a friend's house when a disturbance occurred down the street. Shortly thereafter, Deputy Sheriff Michael Spellman and other law enforcement officers arrived at the scene of the disturbance. Randall Woods, his brother, and several other people were in the yard and on the porch of the friend's house looking down the street toward the disturbance. While patrolling the general area, Defendant Spellman approached Randall Woods' party and directed them to go inside the house. Randall Woods' brother verbally protested the command of Defendant

Spellman. Defendant Spellman decided to place Randall Wood's brother under arrest. In response to Defendant Spellman attempting to place Plaintiff's brother under arrest, Plaintiff's brother fled the scene. According to Randall Woods, Spellman was unable to capture Woods' brother, so Spellman turned his attention to Plaintiff. Randall Woods contends Spellman, along with several unknown law enforcement officers illegally arrested him. Plaintiff alleges that during the course of the arrest excessive force was used upon him by Spellman and the other officers. Plaintiff contends he was knocked to the ground and severely assaulted and battered resulting in serious injury. Further, Plaintiff alleges he was imprisoned on false charges.

Plaintiff was prosecuted on June 8, 2006, in the Carroll County Justice Court for disorderly conduct and resisting arrest. On June 13, 2006, the Judge issued a Not Guilty ruling on both charges.

On June 13, 2007, Plaintiffs Randall and Tracy Woods filed this action against Carroll County, Sheriff Donald Gray, Deputy Sheriff Michael Spellman, and the unknown Deputy Sheriffs alleging that Defendants deprived them of their constitutional rights under 42 U.S.C. § 1983. In addition to their § 1983 claims, Plaintiffs have asserted various state law claims. They are seeking compensatory and punitive damages for their alleged injuries. Defendants have now filed a motion to dismiss portions of the Amended Complaint and for qualified immunity as to Michael Spellman, in his individual capacity. Plaintiffs have failed to respond to said motion.

### *Standard of Review*

A Rule 12(b)(6) motion is disfavored, and it is rarely granted. Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986); Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981). Dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Even if it appears

an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. Clark, 794 F.2d at 970; Boudeloche v. Grow Chem. Coatings Corp., 728 F.2d 759, 762 (5th Cir. 1984). "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." Clark, 794 F.2d at 970; see also Mahone v. Addicks Util. Dist., 836 F.3d 921, 926 (5th Cir. 1988); United States v. Uvalde Consol. Indep. Sch. Dist., 625 F.2d 547, 549 (5th Cir. 1980), *cert. denied*, 451 U.S. 1002, 101 S. Ct. 2341, 68 L. Ed. 2d 858 (1981). Dismissal is appropriate only when the court accepts as true all well-pled allegations of fact and, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. Smith, 897 F.2d 154, 156 (5th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); see Mahone, 836 F.2d at 330. While dismissal under Rule 12(b)(6) ordinarily is determined by whether the facts alleged, if true, give rise to a cause of action; a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. Clark, 794 F.2d at 970; Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105, 103 S. Ct. 729, 74 L. Ed. 2d 953 (1983).

*Discussion*

I.  Official Capacity State Law Claims

Defendants have moved to dismiss all Plaintiffs' state law claims against Carroll County, Mississippi, Donald Gray, in his official capacity as Carroll County Sheriff, and Michael Spellman, in his official capacity as Carroll County Deputy Sheriff, on the basis that such claims are governed by the Mississippi Tort Claims Act, and that Plaintiff failed to file a notice of claim, as required by Mississippi Code Annotated Section 11-46-11.

3

By passing the Mississippi Tort Claims Act, the Mississippi Legislature waived sovereign "immunity of the state and its political subdivisions from claims for money damages arising out of torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." Miss. Code Ann. § 11-46-5(1). The Act provides the exclusive remedy against a governmental entity or its employee. Miss. Code Ann. § 11-46-7(1). Further, "[a]ny claim filed against a governmental entity and its employees (for monetary relief) must be brought under [the] statutory scheme" of the Act. Lang v. Bay St. Louis/Waveland School Dist., 764 So. 2d 1234-1236 (Miss. 1999). Thus, all Plaintiffs' state law claims, except those against Michael Spellman, in his individual capacity, are subject to the Act.

The Act sets forth procedures a claimant must follow in order to assert a claim against a governmental entity. There is a mandatory notice requirement on potential plaintiffs which must be satisfied prior to the institution of any tort lawsuit against a governmental entity or one of its employees. Black v. City of Tupelo, 853 So.2d 1221-1226 (Miss. 2003). Notice of claim must be given ninety (90) days prior to maintaining an action. Id. (citing Miss. Code Ann. § 11-46-11(1)). The Mississippi Supreme Court has adopted a "substantial compliance" standard to determine whether the notice of claim requirements have been met. Black, 853 So.2d at 1226. However, Plaintiffs have not alleged or offered any proof that they provided a notice of claim letter to any of the named Defendants before the institution of this action. Therefore, all state law claims against Carroll County, Mississippi, Donald Gray, in his official capacity, and Michael Spellman, in his official capacity, are barred by the Mississippi Tort Claims Act.

II.     Individual Capacity State Law Claims

The only remaining state laws claims are against Defendant Michael Spellman, in his

individual capacity. The Plaintiffs seek recovery under several intentional tort theories – malicious prosecution, abuse of process, false arrest, assault and battery, excessive use of force, and false imprisonment. These state-law theories are governed by a one years statute of limitations under Mississippi statutory law. Miss. Code Ann. § 15-1-35; City of Mound Bayou v. Johnson, 562 So.2d 1212-1218 (Miss. 1990).

Under Mississippi law, actions for state law torts of false arrest and false imprisonment accrue at the time of arrest. Id. at 1217; Parker v. Game & Fish Comm'n, 555 So. 2d 725, 727 (Miss. 1989). Moreover, the state law torts of assault and battery and excessive use of force accrue on the date of the subject incident. Mound Bayou, 562 So. 2d at 1217. Accordingly, the state law claims of false arrest, false imprisonment, assault and battery, and excessive use of force against Michael Spellman, in his individual capacity, accrued on October 4, 2004, the date of the incident and Randall Woods' arrest. The Plaintiffs did not file suit until June 13, 2007, consequently, more than two years after the subject causes of action accrued and beyond the expiration of the statute of limitations. Thus, the Court finds that these specific state law claims against Michael Spellman, in his individual capacity, are barred, and they shall be dismissed with prejudice.

As to the other state law claims, actions for abuse of process and malicious prosecution accrue on the day the criminal prosecution terminated in plaintiff's favor. Id. Specifically, these state law claims did not accrue until the Justice Court issued a Not Guilty ruling on June 13, 2006. Therefore, the limitations period on those claims will not expire until June 13, 2007. Plaintiffs filed their claim with this Court on June 13, 2007. Accordingly, Plaintiffs' state law claims for malicious prosecution and abuse of process are not outside the limitations period and shall not be dismissed.

III.  42 U.S.C. § 1983:

5

Plaintiffs bring their constitutional claims under 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983. Section 1983 alone does not create substantive rights. Dismukes v. Hackathorn, 802 F. Supp. 1142, 1144 (N.D. Miss. 1992). Rather, Section 1983 creates a remedy for violation of federal, constitutional, or statutory rights. Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003). Section 1983 was designed to deter state and government actors from abusing their official positions by depriving citizens of their constitutionally protected rights and provides redress for any such deprivation. Johnston v. Lucas, 786 F.2d 1254, 1257 (5th Cir. 1986). Mere assertions that a defendant violated a plaintiff's rights are insufficient to maintain a Section 1983 claim. Dismukes, 802 F. Supp. at 1144. To maintain a successful 1983 action, the plaintiff must prove there has been (1) a deprivation of a federal right (2) that occurred under color of state law, and (3) was caused by a state actor. Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004); Phillips v. Vandygriff, 711 F.2d 1217, 1221 (5th Cir. 1983).

According to the Complaint, Plaintiffs bring their constitutional claims against Carroll County, Mississippi, Donald Gray, in his official capacity, and Michael Spellman, in his individual and official capacities. The Court analyzes Defendants' Motion to Dismiss as to Plaintiffs' Fourth, Fifth, Ninth, and Fourteenth Amendment claims below.

A.  Municipal Liability: Carroll County, Mississippi

Municipal liability results if the deprivation of constitutionally protected rights was inflicted pursuant to an official policy or custom. McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 313

(5th Cir. 2002). Municipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

The three requirements for municipal liability detailed above are necessary in order to distinguish between isolated violations committed by local employees and those violations which may be committed by the government itself. Piotrowski, 237 F.3d at 578. Therefore, municipalities may not be held liable for acts of lower level employees but may be held liable for constitutional violations committed pursuant to an official policy or custom. Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 247 (5th Cir. 2003) ("Municipal liability cannot be sustained under a theory respondeat superior. [Rather,] the constitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.").

Plaintiffs have failed to state a claim against Carroll County, Mississippi. As noted above, a municipality may only be held liable under Section 1983 for its unconstitutional policies, practices, and customs which cause the Plaintiffs' injuries. Because the Plaintiffs have not alleged that any policies, practices, or customs of Carroll County, Mississippi, are unconstitutional or caused his injuries, all of the Plaintiffs' claims against Carroll County shall be dismissed.

B.      Official Capacity: Donald Gray and Michael Spellman

Plaintiffs filed suit against Donald Gray and Michael Spellman in their official capacities. It is well settled that a judgment against a public servant "in his official capacity" imposes liability on the entity that he represents. See Monell, 436 U.S. at 691 n. 5, 98 S. Ct. 2018 (indicating that

"official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); Turner v. Houma Mun. Fire and Police Civil Serv., 229 F.3d 478, 483 (5th Cir. 2000). Consequently, Plaintiffs' claims against the Defendants, in their official capacities, are simply a reformulation of their claims against Carroll County. Will v. Mich. Dep't of State Police, 491 U.S. 52, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Given that Plaintiffs have named Carroll County as a Defendant in this action, their official capacity claims for relief as to the remaining Individual Defendants are redundant. Therefore, because Plaintiffs have failed to state a claim under Section 1983 against Carroll County, Defendants in their official capacities are entitled to the same defense. Accordingly, Defendants' Motion to Dismiss is granted with respect to Plaintiffs' Section 1983 claims against the Gray and Spellman in their official capacities.

IV.   Qualified Immunity: Michael Spellman in his Individual Capacity

Public officials sued for damages in their individual capacites are "persons" within the meaning of Section 1983, even when the claim is based upon the carrying out of official responsibilities. Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 396 (1982). However, officials sued under Section 1983 in their individual capacities may be able to assert a qualified immunity defense. Id. Here, Plaintiffs seek to hold Michael Spellman liable in his individual capacity for depriving them of their rights secured by the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C § 1983. In defense of Plaintiffs' Section 1983 claims, Spellman invokes the doctrine of qualified immunity.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). Under this doctrine, public officials sued in their individual capacities under Section 1983 are shielded from

8

suit unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person should have known. See Anderson v. Creighton, 483 U.S. 635, 638, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996).

Although a plaintiff need not anticipate a claim of qualified immunity in her original pleading, when a public official invokes this defense, the Court may well insist on additional pleading in response. See Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc); see also Morin, 77 F.3d at 121. Here, there is a need for Plaintiffs to squarely address whether Michael Spellman is entitled to qualified immunity. The method by which Plaintiffs may accomplish this feat is allow them to file a Rule 7(a) reply to further develop the facts and allegations underlying this lawsuit in light of the clearly delineated law. Baker v. Putnal, 75 F. 3d 190, 195 (5th Cir. 1996).

Under Fifth Circuit jurisprudence, because Spellman bases his motion on the defense of qualified immunity, this Court must offer the Plaintiffs an opportunity to file a Rule 7(a) reply to Spellman's assertion. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) (finding that district court's failure to require a Rule 7(a) reply to a defense of qualified immunity was an abuse of discretion thereby vacating district court's grant of qualified immunity to arresting officers). As noted above, public officials performing discretionary functions are generally shielded from suit unless it is shown by specific allegations that the officials violated clearly established statutory or constitutional rights of which reasonable individuals would be aware. Harlow v. Fitzgerald, 457 U.S. 800, 819, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Thus, in order to survive a qualified immunity defense the plaintiff must allege particularized facts that support his allegations. Baker, 75 F.3d at 195 (holding that when a defendant asserts qualified immunity, a plaintiff must respond by pleading "specific conduct and action giving rise to a constitutional violation.").

9

Because the Court's "discretion not to order such a reply is very narrow" and the Court is mindful of the potential for reversal by the Fifth Circuit should the Court not order such a reply, the Court will defer ruling on the issue of qualified immunity as to Michael Spellman, in his individual capacity, pending the filing of a Rule 7(a) reply as discussed herein. Morin, 77 F.3d at 121. The Court notes that requesting Plaintiffs to file a Rule 7(a) reply does not reflect on the sufficiency of the allegations currently contained in Plaintiffs' Amended Complaint.

*Conclusion*

In summary, the Court holds that the Defendants' Motion to Dismiss the Amended Complaint [14] is **GRANTED** in part and **DENIED** in part. Specifically, (1) all state law claims against Carroll County, Mississippi, and the official capacity defendants are barred as Plaintiffs have failed to meet the notice of claim requirement pursuant to the Mississippi Tort Claims Act; (2) all state law claims against Michael Spellman, in his individual capacity, except Plaintiffs' claims for malicious prosecution and abuse of process, are barred by the statute of limitations; (3) all federal claims against Carroll County are dismissed for Plaintiffs' failure to state a claim; (4) all federal claims against Donald Gray and Michael Spellman in their official capacities are dismissed; and (5) this Court will **DEFER** ruling on whether Michael Spellman in his individual capacity is entitled to qualified immunity pending Plaintiffs' Rule 7(a) reply. Defendants' Motion to Dismiss the Original Complaint [5] is **MOOT**.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 9th day of September 2008.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**