**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**RANDALL J. WOODS and**                                                                     **PLAINTIFFS**
**TRACY WOODS**

**V.**                                                                                             **CIVIL ACTION NO.: 4:07CV94-SA-DAS**

**CARROLL COUNTY, MISSISSIPPI, et. al**                                   **DEFENDANTS**

**MEMORANDUM OPINION**

The Court previously ruled on a majority of Defendants' Motion to Dismiss the Amended Complaint or Portions Thereof [14]. However, the Court deferred judgment whether Michael Spellman, in his individual capacity, is entitled to qualified immunity pending a Rule 7(a) Reply from the Plaintiffs. Having received a Rule 7(a) Reply from Plaintiffs, the Court is now prepared to rule.

### I. *Facts and Procedural History*

Plaintiff Randall Woods was at a friend's house when a disturbance occurred down the street. Woods, his brother, and several other people were in the yard and on the porch of the friend's house looking down the street toward the disturbance. While patrolling the general area, Deputy Sheriff Spellman approached Woods' party and directed them to go inside the house. Woods' brother verbally protested Spellman's command. Spellman decided to place Woods' brother under arrest. As Spellman attempted to place the plaintiff's brother under arrest, the brother fled the scene. According to Randall Woods, Spellman was unable to capture Woods' brother, so Spellman turned his attention to Plaintiff. Randall Woods contends Spellman, along with several unknown law enforcement officers, illegally arrested him. Plaintiff alleges that during the course of the arrest excessive force was used upon him by Spellman and the officers. Plaintiff contends he was knocked

to the ground and severely assaulted and battered resulting in serious injury. Plaintiff further contends he was imprisoned on false charges.

Plaintiff was prosecuted on June 8, 2006, in the Carroll County Justice Court for disorderly conduct and resisting arrest. On June 13, 2006, the judge issued a Not Guilty ruling on both charges.

On June 13, 2007, Randall and Tracy Woods filed this action against Carroll County, Sheriff Donald Gray, Deputy Sheriff Michael Spellman, and the unknown Deputy Sheriffs alleging that Defendants deprived them of their constitutional rights under 42 U.S.C. § 1983. In addition to their § 1983 claims, Plaintiffs have asserted various state law claims. Defendants filed a motion to dismiss portions of the amended complaint and for qualified immunity as to Michael Spellman, in his individual capacity.

On September 9, 2008, this Court held that all state law claims against Carroll County, Mississippi, and the Defendants in their official capacities were barred as Plaintiffs failed to meet the notice of claim requirement pursuant to the Mississippi Tort Claims Act. Also, the Court found that all state law claims against Michael Spellman in his individual capacity, except Plaintiffs' claims for malicious prosecution and abuse of process, are barred by the statute of limitations. The Court further dismissed all federal claims against Carroll County and claims against Donald Gray and Michael Spellman in their official capacities. The Court will now address whether Michael Spellman in his individual capacity is entitled to qualified immunity.

## II. *Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322,

2

324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (May 18, 2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. at 1955 (internal quotation marks omitted)).

### III. *Discussion*

"Qualified immunity shields government officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Huang v. Harris County, 264 F.3d 1141, 2001 WL 822534, at *5 (5th Cir. 2001) (citing Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001)). When a defendant raises qualified immunity, the burden is on the plaintiff to "demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 315, 323 (5th Cir. 2002). "If qualified immunity is raised in a motion to dismiss, 'it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness.'" Senu-Oke v. Jackson State Univ., 283 Fed. Appx. 236, 239 (5th Cir. 2008) (quoting Behrens v. Pelletier, 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)).

To determine if an individual is entitled to qualified immunity, the court applies a two-step analysis. "First, [the court] ask[s] whether, considered in the light most favorable to the plaintiff, the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights." Id. at 238 (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2157, 150 L. Ed. 2d 272 (2001)). "If the defendant's conduct did not violate [the] plaintiff's constitutional rights under the first prong, . . . he is entitled to qualified immunity." Blackwell v. Laque, No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008). The second prong requires the court to consider

> whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions.

Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007).

A.   Malicious Prosecution

Plaintiffs attempt to make a § 1983 claim premised upon the theory of malicious prosecution. The Fifth Circuit has held that the federal Constitution does not include a "freestanding" right to be free from malicious prosecution. See Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). Instead, it must be shown that the officials violated specific constitutional rights in connection with a "malicious prosecution." For example, "the initiation of criminal charges without probable cause may set in force events that run afoul of the . . . Fourth Amendment if the accused is seized and arrested . . . or other constitutionally secured rights if a case is further pursued." Id. at 953-54. However, these "are not claims for malicious prosecution." Id. at 954. Therefore, Plaintiffs' claim under § 1983 for malicious prosecution is not independently cognizable and is

4

dismissed.

B.	Fourth Amendment–Arrest without Probable Cause

As to Plaintiffs' claim of illegal arrest, the Court employs the following two step analysis for determining whether the qualified immunity defense bars that claim: (1) has Plaintiff alleged a violation of a clearly established constitutional right, and (2) was Spellman's conduct objectively reasonable in light of clearly established law. Cozzo v. Tangipahoa Parish Council-President Gov't, 279 F.3d 273, 284 (5th Cir. 2002). As to the first requirement, Plaintiff alleges that Spellman violated his right to be protected from illegal arrest, which is a clearly established constitutional right. Importantly, however, "[w]hether an arrest is illegal [] hinges on the absence of probable cause." Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). Thus, the Plaintiff must show that the Defendant lacked probable cause in order to state a cognizable violation of this constitutional right. Id. at 328.

"Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Mesa v. Prejean, No. 07-30953, 2008 WL 4319977, at *3 (5th Cir. Sept. 23, 2008) (quoting United States v. McCowan, 469 F.3d 386, 390 (5th Cir. 2006)). Spellman contends that even if he did not have actual probable cause to arrest the Plaintiff, his belief that probable cause existed was reasonable.

Spellman charged the Plaintiff under the Mississippi statute outlawing disorderly conduct. That statute provides, in relevant part:

> Whoever, with intent to provoke breach of the peace, or under such circumstances as may lead to breach of the peace, or which may cause or occasion a breach of the peace, fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer, having the authority to then and there arrest any person

5

> for a violation of the law to . . . [a]ct or do or refrain from acting or doing as ordered, requested, or commanded by said officer . . . shall be guilty of disorderly conduct.

MISS. CODE ANN. § 97-35-7.

According to the Complaint, Spellman arrested Plaintiff without probable cause to believe that Plaintiff had committed a crime. Plaintiff contends he and others were peaceably congregating outside a friend's house when Spellman ordered them to go inside the house. A close reading of the statute explains that a person is only guilty of disorderly conduct when he refuses to obey the request, command or order of law enforcement officer, having the authority to then and there arrest any person for a violation of the law. Plaintiff contends he was not engaged in any unlawful activity, including breach of the peace, when Spellman ordered him to go inside the house. Plaintiff's refusal to obey Spellman's order did not establish probable cause to arrest Plaintiff for disorderly conduct as Spellman had no authority to then and there arrest anyone for a violation of the law. The Court further finds that Spellman's belief he had probable cause to arrest Plaintiff was unreasonable considering Plaintiff, nor others on the property, were engaged in unlawful activity at the time Plaintiff refused to go inside the house. The Court also notes that Plaintiff was found not guilty of disorderly conduct and resisting arrest. At this stage in the proceedings, Spellman is not entitled to qualified immunity as to Plaintiffs' claim for arrest without probable cause.

C.  Fourth Amendment–Excessive Force

"[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). To plead a § 1983 excessive force claim, "the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was

excessive to the need, and (3) the use of force was objectively unreasonable." Bush v. Strain, 513 F.3d 492, 502 (5th Cir. 2008). Courts in this circuit "no longer require 'significant injury' for excessive force claims, [but] the injury must be more than de minimis." Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005).

Here, Spellman initiated the arrest after Plaintiff and his brother refused to go inside the house as instructed. According to Plaintiff, he never evaded or resisted arrested. Plaintiff alleges Spellman placed him in handcuffs, knocked him to the ground, and then proceeded to beat the Plaintiff about the head and body until he lost consciousness. Plaintiff contends he received numerous cuts, scratches, and abrasions, and now has a permanent scar above his left eye. In asserting these facts, Plaintiff has satisfied the first step of the qualified immunity analysis. That is, Plaintiff has alleged facts that, if proven, constitute a violation of his clearly established Fourth Amendment right against excessive force. Graham, 490 U.S. at 394, 109 S. Ct. 1865.

The second step is to determine whether Spellman's actions were objectively reasonable. This is an "objective (albeit fact-specific) question whether a reasonable officer could have believed" that he was violating the plaintiff's constitutional rights "under the circumstances of the complained of action." Mangieri v. Clifton, 29 F.3d 1012, 1017 (5th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396, 109 S. Ct. 1865. "To gauge the objective reasonableness of the force used by the law enforcement officer, the Court must balance the amount of force used against the need for force." Flores v. City of Palacios, 381 F.3d 391, 399 (5th Cir. 2004) (internal quotation marks and citations omitted).

7

At the time of Plaintiff's arrest, "the law was clearly established that . . . the right to make an arrest 'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" Bush, 513 F.3d at 502 . Nonetheless, "the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee." Id. Under Plaintiff's version of events, he was not resisting arrest, he did not pose a threat to Spellman's safety, and his alleged criminal conduct of breaching the peace was not severe. Although "the Fourth Amendment's reasonableness test is 'not capable of precise definition or mechanical application[,]'" the test is clear enough that Spellman should have known that he could not knock the Plaintiff to the ground and beat him unconscious. Id. (quoting Graham, 490 U.S. at 396, 109 S. Ct. 1865). This is not a conclusion based on 20/20 hindsight; instead, it is based on the Court's finding that the circumstances faced by Spellman would not have caused a reasonable officer to have employed the degree of force used. See generally, Coons v. Lain, 277 Fed. Appx. 467, 470 (5th Cir. 2008); Martinez-Aguero v. Gonzalez, 459 F.3d 618, 626 (5th Cir. 2006) (officer would have been objectively unreasonable to have grabbed, twisted the arms of, and kicked a suspect who had been "entirely docile and compliant .. . with the exception of one stray remark). For the reasons stated above, the Court holds that Spellman's motion to dismiss based on qualified immunity shall be denied as to Plaintiff's Fourth Amendment excessive force claim.

D.   Fifth Amendment

Plaintiff alleges Defendant Spellman violated his Fifth Amendment rights. The Fifth Amendment's due process clause and the protections it affords apply only to violations by the United States or a federal actor. Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000) (citing

8

Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996) ("[T]he Fifth Amendment applies only to the actions of the federal government . . . [.]")); Knoetze v. U.S. Dep't. of State, 634 F.2d 207, 211 ( 5th Cir. 1981) ("[F]ifth Amendment protection attaches only when the federal government seeks to deny a liberty or property interest."). Plaintiff does not plead that Defendant Spellman was a federal actor or that he acted under federal law. The Court, therefore, grants Defendants' motion to dismiss as to Plaintiffs' Fifth Amendment claim for failure to state a claim.

E. Ninth Amendment

Although Plaintiff alleges a cause of action under the Ninth Amendment in a conclusory fashion, such claim fails to state a claim upon which relief may be granted as it does not apply to state actors and does not create separate, substantive rights for individuals.

The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Moreover, the Ninth Amendment is considered a rule of construction that does not confer substantive rights upon which civil rights may be based. Johnson v. Tex. Bd. of Criminal Justice, 281 Fed. Appx. 319, 2008 WL 2337324, *1 (5th Cir. June 5, 2008) (relying on Froehlich v. Wisconsin Dep't of Corr., 196 F.3d 800, 801 (7th Cir. 1999). Although the Ninth Amendment may provide the basis for recognition of un-enumerated rights, which themselves may be enforceable against a State under the Due Process Clause of the Fourteenth Amendment, the Ninth Amendment alone provides no substantive right. See Gibson v. Matthews, 926 F.2d 532, 537 (6th Cir. 1991). Accordingly, Defendants' motion to dismiss is granted as to Plaintiffs' Ninth Amendment claim.

F. Fourteenth Amendment

Plaintiffs' amended complaint is unclear as to what conduct he alleges violated his

Fourteenth Amendment right to due process. Plaintiffs' Rule 7(a) Reply clarifies his assertion stating, "[t]he Plaintiffs contend the Defendant violated clearly established constitutional rights . . . to be free from malicious prosecution which necessarily includes the abuse of process under the Fourth and Fourteenth Amendments." In <u>Albright v. Oliver</u>, the Supreme Court held that it is the Fourth Amendment, and not substantive due process, under which malicious prosecution claims must be judged. 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). The Supreme Court specifically held: "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Id. at 273, 114 S. Ct. 807 (citing <u>Graham,</u> 490 U.S. at 395, 108 S. Ct. 1865). Stated differently, if a plaintiff's rights are protected by a specific provision, the substantive due process claim will fail. A plaintiff must bring a claim under a specific constitutional provision, if available, not under a general due process standard.

Although the federal Constitution does not include a freestanding right to be free from malicious prosecution, "the initiation of criminal charges without probable cause may set in force events that run afoul of the . . . Fourth Amendment if the accused is seized and arrested . . . or other constitutionally secured rights if a case is further pursued." <u>Castellano</u>, 352 F.3d at 953-54. Plaintiff's arrest without probable cause has been properly analyzed under the Fourth Amendment. Because the Fourth Amendment specifically protects the Plaintiff from arrest without probable cause, Defendants' Motion to Dismiss Plaintiffs' Fourteenth Amendment substantive due process claim is granted.

### IV. Conclusion

Based on the foregoing analysis, Defendant's Motion to Dismiss Plaintiffs' Amended Complaint or Portions Thereof [14] is GRANTED for failure to state a claim as to Plaintiffs' § 1983 claim for malicious prosecution, and violations of the Fifth Amendment, Ninth Amendment, and Fourteenth Amendment.  As for violations of the Fourth Amendment with respect to arrest without probable cause and excessive force, the Court finds Spellman is not entitled to qualified immunity at this stage in the proceedings.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 9th day of June 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**