IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RANDALL J. WOODS and                                                      PLAINTIFFS
TRACY WOODS

V.                                                    CIVIL ACTION NO.: 4:07CV94-SA-DAS

MICHAEL SPELLMAN                                                           DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Defendant Michael Spellman's Motion for Summary Judgment [30]. After reviewing the motion and relevant authority, the Court concludes the motion is granted in part and denied in part.

I. *Facts and Procedural History*

On the afternoon of October 4, 2004, Plaintiff Randall Woods was at a friend's house when a disturbance occurred down the street. Woods, his brother Donald, and several other people were in the yard and on the porch of the friend's house looking down the street toward the disturbance. While patrolling the general area, Deputy Sheriff Spellman approached Woods' party and directed them to go inside the house. None of the group followed the instruction to go inside the home. A short time later, Spellman returned to the home and questioned the group's refusal to comply with his order. According to Spellman, Woods' brother Donald wanted to "discuss" the matter with Spellman. Not satisfied with Donald's reasoning, Spellman placed him under arrest. As Spellman attempted to arrest Donald under arrest, Woods yelled for Donald to run as to avoid arrest, and Donald fled the scene. According to Woods, Spellman was unable to capture Donald, so Spellman turned his attention to Woods. Spellman informed Woods that he would now be going to jail. Woods put his hands behind his back to be handcuffed. Spellman handcuffed Woods' right hand,

and then Woods raised the left hand up to avoid the handcuff and asked, "What are you carrying me to jail for?" Spellman allegedly replied, "Whatever the hell I please." Woods contends Spellman, along with several unknown law enforcement officers, illegally arrested him. Plaintiff alleges that during the course of the arrest excessive force was used upon him by Spellman and the officers. According to Plaintiff, Spellman placed him in a choke hold and held it until he passed out. He asserts that he was knocked to the ground and severely assaulted and battered resulting in serious injury. Finally, Plaintiff contends that he was imprisoned on false charges.

Plaintiff was prosecuted on June 8, 2006, in the Carroll County Justice Court for disorderly conduct and resisting arrest. On June 13, 2006, the judge issued a Not Guilty ruling on both charges.

On June 13, 2007, Randall and Tracy Woods filed this action against Carroll County, Sheriff Donald Gray, Deputy Sheriff Michael Spellman, and the unknown Deputy Sheriffs alleging that Defendants deprived them of their constitutional rights under 42 U.S.C. § 1983. In addition to their § 1983 claims, Plaintiffs have asserted various state law claims. Defendants filed a motion to dismiss portions of the amended complaint and for qualified immunity as to Michael Spellman, in his individual capacity.

On September 9, 2008, this Court held that all state law claims against Carroll County, Mississippi, and the Defendants in their official capacities were barred as Plaintiffs failed to meet the notice of claim requirement pursuant to the Mississippi Tort Claims Act. Also, the Court found that all state law claims against Michael Spellman in his individual capacity, except Plaintiffs' claims for malicious prosecution and abuse of process, are barred by the statute of limitations. The Court further dismissed all federal claims against Carroll County and claims against Donald Gray and Michael Spellman in their official capacities. The Court dismissed Plaintiffs' Section 1983

2

claim for malicious prosecution, and violations of the Fifth Amendment, Ninth Amendment, and Fourteenth Amendment for failure to state a claim. Finally, the Court separately addressed the issue of qualified immunity and held that as for violations of the Fourth Amendment with respect to arrest without probable cause and excessive force, Spellman was not entitled to qualified immunity at that stage in the litigation.

Defendant Spellman filed this Motion for Summary Judgment as to the remaining claims. The only remaining claims in this matter are those against Defendant Spellman for the alleged Fourth Amendment violations for arrest without probable cause and excessive force, as well as the alleged state law torts of malicious prosecution and abuse of process. Plaintiffs have failed to respond to the motion.

II. *Motion for Summary Judgment Standard*

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 F. App'x 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party

may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

III. *Discussion*

"Qualified immunity shields government officials performing discretionary functions from civil liability as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Huang v. Harris County, 264 F.3d 1141, 2001 WL 822534, at *5 (5th Cir. 2001) (citing Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001)). When a defendant raises qualified immunity, the burden is on the plaintiff to "demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 315, 323 (5th Cir. 2002)

To determine if an individual is entitled to qualified immunity, the court applies a two-step analysis. "First, [the court] ask[s] whether, considered in the light most favorable to the plaintiff, the plaintiff has alleged facts that, if proven, would establish that the official violated the plaintiff's constitutional rights." Id. at 238 (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2157, 150 L. Ed. 2d 272 (2001)). "If the defendant's conduct did not violate [the] plaintiff's constitutional

4

rights under the first prong, . . . he is entitled to qualified immunity." Blackwell v. Laque, No. 07-30184, 2008 WL 1848119, at *2 (5th Cir. Apr. 24, 2008). The second prong requires the court to consider

> whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions.

Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007).

A.   Fourth Amendment–Arrest without Probable Cause

Plaintiff alleges that Spellman violated his right to be protected from illegal arrest, which is a clearly established constitutional right. Importantly, however, "[w]hether an arrest is illegal [] hinges on the absence of probable cause." Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). Thus, the Plaintiff must show that the Defendant lacked probable cause in order to state a cognizable violation of this constitutional right. Id. at 328.

"Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." Mesa v. Prejean, 543 F.3d 264, 269 (5th Cir. 2008) (quoting United States v. McCowan, 469 F.3d 386, 390 (5th Cir. 2006)). Spellman contends that even if he did not have actual probable cause to arrest the Plaintiff, his belief that probable cause existed was reasonable.

*Disorderly Conduct*

Spellman charged the Plaintiff under the Mississippi statute outlawing disorderly conduct. That statute provides, in relevant part:

5

> (1) Whoever, with intent to provoke breach of the peace, or under such circumstances as may lead to breach of the peace, or which may cause or occasion a breach of the peace, fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer, having the authority to then and there arrest any person for a violation of the law to . . . [a]ct or do or refrain from acting or doing as ordered, requested, or commanded by said officer . . . shall be guilty of disorderly conduct.
>
> (2) Any person who causes, or aids, or encourages, or abets another to violate, or in violating, any provision of subsection (1) hereof, shall be guilty of disorderly conduct . . . .

MISS. CODE ANN. § 97-35-7.

> The Mississippi Supreme Court has discussed what it means to aid and abet as follows:
>
> Aiding and abetting is defined to be "the offense committed by those persons who, although not the direct perpetrators of a crime, are yet present at its commission, doing some act to render aid to the actual perpetrator." . . . And such aiding and abetting may be manifested by acts, words, signs, motions, or any conduct which unmistakably evinces a design to encourage, incite or approve of the crime . . . .

Swinford v. State, 653 So. 2d 912, 915 (Miss, 1995) (citations omitted).

Here, Plaintiff admits that he shouted for Donald to run after Spellman informed Donald he was under arrest. Accordingly, Plaintiff aided and/or abetted Donald in resisting arrest, as his words "umistakably evince[] a design to enourage" his brother's unlawful flight. Id. at 915. At a minimum, Spellman could reasonably conclude that Plaintiff was doing so, and thus, had probable cause to arrest Plaintiff. Therefore, there is no violation of Plaintiff's Fourth Amendment rights regarding Spellman's decision to arrest Plaintiff for disorderly conduct.

*Resisting Arrest*

Plaintiff Woods was also cited for resisting arrest. A person commits the crime of resisting arrest when he "obstruct[s] or resist[s] by force, or violence, or threats, or in any other manner, his lawful arrest or the lawful arrest of another person by any state, local or federal law enforcement

officer . . . ." MISS CODE ANN. § 97-9-73.  Plaintiff concedes he encouraged Donald to flee the scene; thus, Plaintiff, in effect, obstructed Donald's arrest.  Further, when Plaintiff was being placed under arrest, he obstructed his own arrest by removing his left hand from Spellman's grasp while Spellman was attempting to handcuff him.  Although Plaintiff denies it was his intent to resist arrest, the statute does not factor in intent. The statute merely provides that a person is guilty of resisting arrest when he "obstruct[s] or resist[s] by force, or violence, or threats, or in any other manner, his lawful arrest . . . ."  Here, even though Plaintiff did not use real force, violence, or threats, the removal of his hand from Spellman's grasp constitutes "any other manner" in which he obstructed his lawful arrest.  Therefore, the Court concludes Spellman had probable cause to arrest Plaintiff for resisting arrest, so there is no violation of Plaintiff's Fourth Amendment rights regarding Spellman's decision to arrest him.

B.      Fourth Amendment–Excessive Force

"[A]ll claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).  To plead a § 1983 excessive force claim, "the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force was objectively unreasonable." Bush v. Strain, 513 F.3d 492, 502 (5th Cir. 2008).  Courts in this circuit "no longer require 'significant injury' for excessive force claims, [but] the injury must be more than de minimis." Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005).

Here, Spellman initiated the arrest after Plaintiff and his brother refused to go inside the

7

house as instructed. According to Plaintiff, he never evaded or resisted arrested. However, Plaintiff does admit removing his left hand from Spellman's grasp as he attempted to handcuff him. Plaintiff alleges Spellman placed his right hand in handcuffs and then choked Plaintiff until he lost consciousness, while unknown officers Plaintiff about the head and body. Plaintiff contends he received numerous cuts, scratches, and abrasions, and now has a permanent scar above his left eye. In asserting these facts, Plaintiff has satisfied the first step of the qualified immunity analysis. That is, Plaintiff has alleged facts that, if proven, constitute a violation of his clearly established Fourth Amendment right against excessive force. Graham, 490 U.S. at 394, 109 S. Ct. 1865.

The second step is to determine whether Spellman's actions were objectively reasonable. This is an "objective (albeit fact-specific) question whether a reasonable officer could have believed" that he was violating the plaintiff's constitutional rights "under the circumstances of the complained of action." Mangieri v. Clifton, 29 F.3d 1012, 1017 (5th Cir. 1994) (quoting Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396, 109 S. Ct. 1865. "To gauge the objective reasonableness of the force used by the law enforcement officer, the Court must balance the amount of force used against the need for force." Flores v. City of Palacios, 381 F.3d 391, 399 (5th Cir. 2004) (internal quotation marks and citations omitted).

At the time of Plaintiff's arrest, "the law was clearly established that . . . the right to make an arrest 'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" Bush, 513 F.3d at 502 . Nonetheless, "the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and

whether the suspect was resisting arrest or attempting to flee." Id. Under Plaintiff's version of events, he was not resisting arrest. Instead, Plaintiff asserts he raised his left hand as he was asking why he was being arrested. Even under Defendant's version of events, Plaintiff was not aggressively or violently resisting arrest; he simply removed his hand from Spellman's grasp. Defendant does not contend Plaintiff posed a threat to his safety, and Plaintiff's alleged criminal conduct of breaching the peace was not severe.

Although "the Fourth Amendment's reasonableness test is 'not capable of precise definition or mechanical application[,]'" the test is clear enough that Spellman should have known that he could not choke Plaintiff until he went unconscious. Id. (quoting Graham, 490 U.S. at 396, 109 S. Ct. 1865). This is not a conclusion based on 20/20 hindsight; instead, it is based on the Court's finding that the circumstances faced by Spellman would not have caused a reasonable officer to have employed the degree of force used. See generally, Coons v. Lain, 277 F. App'x. 467, 470 (5th Cir. 2008); Martinez-Aguero v. Gonzalez, 459 F.3d 618, 626 (5th Cir. 2006) (officer would have been objectively unreasonable to have grabbed, twisted the arms of, and kicked a suspect who had been "entirely docile and compliant .. . with the exception of one stray remark"). Spellman had the assistance of other officers to assist him in effectuating Plaintiff's arrest. Spellman's use of a choke hold that rendered Plaintiff unconscious was unreasonable under the circumstances. For the reasons stated above, the Court holds that Spellman's Motion for Summary Judgment is denied as to Plaintiff's Fourth Amendment excessive force claim.

C.  State Law Claims

Plaintiffs also alleges state law claims of malicious prosecution and abuse of process against Defendant Spellman. To prevail on a malicious prosecution claim, Plaintiff Woods must demonstrate

9

all six elements of the tort by a preponderance of the evidence. The elements of malicious prosecution are:

> (1) [t]he institution or continuation of [criminal' judicial proceedings . . . ;
>
> (2) by, or at the insistence of [Defendant Spellman];
>
> (3) the termination of such proceeding in Plaintiff's favor;
>
> (4) malice in instituting the proceedings;
>
> (5) want of probable cause for the proceedings; and
>
> (6) the suffering of damages as a result of the action or prosecution complained of.

Van v. Grand Casinos of Mississippi, 724 So. 2d 889, 891 (Miss. 1998). Similarly, to prove his abuse of process claim, Plaintiff must show (1) that Defendant Spellman made an illegal use of the legal process; (2) he had an ulterior motive for bringing the charge; and (3) damages resulted from the perverted use of the legal process. Croft v. Grand Casino Tunica, Inc., 910 So. 2d 66, 76 (Miss Ct. App. 2005).

Plaintiffs' state law claims for malicious prosecution and abuse of process fail as a matter of law. Plaintiffs have failed to demonstrate any injury or damages stemming from the prosecution of the charges against him, and the Court previously concluded that Spellman had probable cause to arrest Woods for disorderly conduct. Although the Justice Court rendered a Not Guilty ruling after a trial on the merits, the case against Woods was not dismissed for lack of probable cause. Plaintiffs also have failed to offer any proof that Spellman exhibited malice or ulterior motive instituting the proceedings against him. Accordingly, Defendant Spellman is entitled to judgment as a matter of law on Plaintiffs' state law claims.

IV. Conclusion

Based on the foregoing analysis, the Court grants Defendant Spellman's Motion for Summary Judgment as to Plaintiffs' alleged Fourth Amendment violations for arrest without probable cause and as to Plaintiffs' state law torts of malicious prosecution and abuse of process. However, the Court denies Defendant's motion as to Plaintiffs' Fourth Amendment violation for excessive force.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 22nd day of June 2010.

/s/ **Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**